No. 46,662

STATE OF KANSAS, *Petitioner*, v. P. A. TOWNSEND, *Respondent*.

(502 P. 2d 832)

Opinion filed November 4, 1972.

*Curt T. Schneider*, assistant attorney general, argued the cause, and *Vern Miller*, attorney general, and *Edward G. Collister, Jr.*, assistant attorney general, were with him on the brief for the petitioner.

The respondent was on the brief *pro se*.

*Per Curiam:* This is a proceeding in discipline. The complaint against respondent is based on alleged violation of Canon 6 of the Code of Professional Responsibility. Canon 6 reads: "A Lawyer Should Represent a Client Competently." DR6-101 recites that a lawyer shall not "neglect a legal matter entrusted to him."

After charges were heard before a panel of three members of the Board of Law Examiners, the board recommended that public censure be imposed as provided in Rule No. 205 (*m*) (2). (205 Kan. lxii.) Respondent filed exceptions to the board's report. Thereafter the matter was heard by this court and the case now awaits our decision.

We have carefully studied the record, and although the respondent may not have been as skillful or painstaking in keeping avenues of communication open between himself and his client as would have been advisable under the circumstances, we cannot say that neglect on his part is established by clear and satisfactory evidence. (*In re Smith*, 73 Kan. 743, 753, 754, 85 Pac. 584; *In re Ratner*, 194 Kan. 362, 366, 399 P. 2d 865; *In re Phelps*, 204 Kan. 16, 17, 459 P. 2d 172.)

The problems arising between respondent and his client developed during a transitional period after Mr. Townsend had accepted a responsible legal position in a neighboring city and was phasing out his legal practice in Topeka, and closing his office there. The failure in communication which resulted cannot be laid solely at the respondent's door; it was mutual in concept.

The proceedings are dismissed.

OWSLEY and PRAGER, J. J., not participating.